Matter of the Judicial Settlement of the Estate of SUSAN P. CLEVELAND CHILD, Deceased.

(Surrogate's Court, Oneida County, March, 1917.)

Legacy — when lapses — wills — intestacy.

> Where one-half of a residuary estate was bequeathed to a certain person, her heirs, executors or administrators, and the legatee predeceases the testatrix, the legacy lapses and passes to the next of kin of the testatrix as in the case of intestacy.

PROCEEDING upon the judicial settlement of the accounts of an executor.

F. H. Cookinham, for executor.

Chas. B. Mason, for S. Fannie Harder and Michael Harder, contestants.

Geo. E. Philo, special guardian for minor, Mary Coley.

SEXTON, S. The material part of paragraph 7 of the will of testatrix herein reads as follows: "All the rest, residue and remainder of my property I give, devise and bequeath as follows: One-half of the same to Christina Harder, of Troy, N. Y., her heirs, executors or administrators."

The testatrix survived said Christina Harder.

On the accounting herein, the executor took the position that the testatrix died intestate as to one-half of the residue of her estate, and proposes distribution thereof to the next of kin of the deceased living at the time of her death.

The heirs of said Christina Harder filed objections to said proposed distribution, alleging that the legacy

of one-half of the residue had not lapsed, because of the death of said Christina Harder, it having been saved by the words '' her heirs, executors or administrators.''

It is a well-known principle of law that no gift can vest in the donee until the death of the testator. *Matter of Wells,* 113 N. Y. 396. That this principle was known to the testator is apparent from the following language used by her on the first page of her will: ''To the Reverend Edward Huntington Coley, my sofa. Should Mr. Coley decline to receive this gift, or should he predecease me, I then will and direct,'' etc.

If it was the intention of the testator that the heirs of Christina Harder should have the portion provided for her, in case the vesting of the legacy was defeated by death, then, knowing how to save the legacy to the heirs of Christina Harder, would she not have used language that would have clearly accomplished that purpose? She made it plain that if Coley should predecease her, the property intended for him should go elsewhere.

The words ''her heirs, executors or administrators,'' have no such meaning as that contended for. In *Corbyn* v. *French,* 4 Ves. 418, Lord Alvanley said: ''A testator is never to be supposed to mean to give to any but those who shall survive him, unless the intention is perfectly clear.'' Can it be said that such an intention is made ''clear'' by the addition of the word '' heirs?'' It has long been a rule of construction that the word ''heirs,'' as used by the testator, is a word of limitation and that it, and kindred words, whether used singly or associated with such expressions as '' executors or administrators '' or '' to have and to hold the same to them, their heirs and assigns forever,'' are used, and can serve no purpose, other than to

Misc.–   Surrogate's Court, Oneida County, March, 1917.

describe the nature and duration of the estate given, and, it may be added, that the doctrine of lapse applies indiscriminately to gifts with and without words of limitation.

The rule in *Shelley's Case,* 1 Rep. 93, makes it clear that the words, " heir," " heirs," " lawful heirs " and the like may be used in two senses: (a) to describe the estate or interest given; (b) the persons who are to take. When used in the former sense they are said to be used as words of limitation, that is, they limit or describe the estate given, and not the persons who are to take.

To illustrate such a use, a gift "to A and his heirs" is simply a gift of the fee to A, for if A dies before the testator the heirs of A do not take. As an illustration of the use and force of the words in the second or (b) sense referred to above, a gift "to A, and if he should die, then to his heirs," — the word "heirs" clearly describes the persons who take in case A dies before the testator. The best method to prevent a lapse is thus made plain. It is known as "substitution under testamentary provision," and gifts are said to be substitutional when provision is made for some one to take the gift in case of the death of the original donee before the death of the testator.

In the clause under consideration no such provision was made, for the language used, taken as a whole, "was an expression consistent with the gift of an absolute ownership, but in nowise indicative of a direction to transfer the part given to a legatee to his heirs, or personal representatives, in the event of his failing to survive the testatrix." *Matter of Wells, supra.*

It seems clear that the legacy in question lapsed; having lapsed what becomes of it? This was a legacy of one-half of the residue. Where there is a dispo-

sition of a part of the residue, and it fails, it will not go in augmentation of the remaining parts as a residue of a residue, but will devolve as undisposed of. Residue means all of which no effectual disposition is made by the will, other than by the residuary clause. In the instance of a residue given in moieties, to hold that one moiety lapsing shall accrue to the other, would be to hold that a gift of a moiety shall eventually carry the whole. 1 Jarman Wills, 764, and cases cited; *Morton* v. *Woodbury*, 153 N. Y. 243.

I hold and decide that the legacy in question lapsed; hence the heirs, next of kin or personal representatives of Christina Harder, as such, are not entitled to any part of the estate in question. The testatrix having died intestate as to one-half of the residue of her estate, the same, under the law, passes to her next of kin.

Decreed accordingly.