Matter of the Estate of Helen W. Watts, Deceased.

(Surrogate's Court, New York County, June, 1920.)

Wills — construction    of — trusts — codicils — devise — residuary
estates.

> Where there is no legal devise or bequest of a part of the
> estate to which an heir or next of kin would otherwise be
> entitled, he is not cut off by an expression in the will to that
> effect.   (P. 303.)
> The will of testatrix divided her residuary estate into seven
> equal shares, giving one to each of five children and two to her
> daughter E.   One of such shares was bequeathed to the
> executors in trust for one of the sons of testatrix who pre-
> deceased her intestate and without issue, with direction to invest
> the same and pay the income to said son for life and upon his
> death to transfer the principal of the trust fund to such one or
> more of the lawful issue of testatrix, in such shares, at such
> time or times and in such manner as the son might by will
> direct or appoint.   The will of testatrix contained no provision
> as to the disposition of the share of any life beneficiary who
> shall predecease the testatrix and without issue.   *Held*, that the
> children of another son of testatrix, who survived her, took the
> share of their deceased uncle though by the will of the testatrix
> no provision was made for them.   (Pp. 301, 302.)
> Where by a codicil the power of appointment given to the
> daughter E. was limited to one share, the other share given to
> her reverted to the residuary estate of testatrix and must be
> distributed in equal parts among the residuary trusts, including
> that of E.   (P. 304.)

Proceeding upon the accounting by executor.

Louis H. Porter, for executors.

Chester B. McLaughlin, Jr., special guardian.

Foley, S.   In this accounting by the executors a
question of construction of the will is presented.   The
will divides the residue of the estate into seven equal

Misc.]    Surrogate's Court, New York County, June, 1920.

shares, giving one to each of five children and two to the daughter Ethel. Each child is given a power of appointment by will as to his or her share, except that in the case of Ethel, by the codicil the power of appointment is limited to one share. The construction involves the share bequeathed to the son, John Walter Watts, who died prior to the testatrix, intestate and without issue. The provision for him is as follows: " (3) I give, devise and bequeath one other of said shares or parts to my executors in trust to invest and reinvest the same and collect the income thereof and pay it over quarterly to my son, John Walter, for and during the term of his natural life, and upon his death to convey, assign, transfer and set over the principal thereof to such one or more of my lawful issue in such shares or proportions at such time or times and in such manner as he may by his last will and testament direct or appoint." Article VI is as follows: " VI. In case any of my said children shall fail to dispose effectually by his or her will of the whole or any part of that part of my estate which I have hereinbefore given him or her power so to dispose of *and shall die without leaving any lawful issue* him or her surviving, then and in that event upon his or her death I give, devise and bequeath so much of such share as shall not have been so disposed of to such of my children as shall then be living and to the lawful issue then living of such of my said children as shall then be dead, each of such living children and the issue collectively of each of such dead children to take and receive one equal share thereof to be divided among such issue *per stirpes* and not *per capita.*"

Article VII provides that if any child " shall die before me and shall leave lawful issue me surviving such issue shall upon my death take and receive " the share of the deceased child *per stirpes.*

Article XII states that no provision is made " for the children of my dear son George, because they will be amply provided for otherwise, and not from any lack of affection for them or him, or of appreciation of his love for and devotion to me."

Two infant children of George survived the testatrix. Their special guardian claims that the death of the son Walter, intestate and without issue, in the lifetime of the testatrix, caused his share of the residuary to lapse into intestacy, and that the two infants are entitled to a portion thereof as next of kin of the testatrix.

Although the will provided for several contingencies, there is no express disposition of the share of any life beneficiary who would die without issue prior to the death of the testatrix. The executors concede that no provision is made for such a case and state that they believe the lapsed fund should pass under the residuary clause and increase the trusts for the other five children created by article IV. Under the authorities this cannot be done where there is a lapse of a part of a residue given in specific portions or shares. This principle is clearly elucidated in *Morton* v. *Woodbury,* 153 N. Y. 256, as follows: " Where there is a disposition of a part of the residue, and it fails, it will not go in augmentation of the remaining parts as a residue of a residue, but will devolve as undisposed of. ' Residue means all of which no effectual disposition is made by the will, other than (by) the residuary clause. In the instance of a residue given in moieties, to hold that one moiety lapsing shall accrue to the other, would be to hold that a gift of a moiety shall eventually carry the whole ' (1 Jarman on Wills, 764, and cases cited)." See also *Matter of Child,* 99 Misc. Rep. 463; *Downing* v. *Marshall,* 23 N. Y. 366.

Both the executors and the special guardian concede

Misc.]   Surrogate's Court, New York County, June, 1920.

that John Walter's share cannot pass under article VI to the other children mentioned in article IV, because the provision over in case of the death of a child without issue is coupled with the condition that said child " shall fail to dispose effectually by his or her will of the whole or any part of that part of my estate which I have hereinbefore given him or her power so to dispose of." The disposition over under article VI is clearly based on the vesting of the share in the beneficiary and on the failure to exercise by will the power of appointment as to said share. But the share could not vest and the beneficiary would not be entitled to exercise the power of appointment until the death of the testatrix. *Hirsch* v. *Bucki,* 162 App. Div. 659, 665. As was said in regard to a similar testamentary provision in *Mead* v. *Maben,* 131 N. Y. 255, 260, the language giving the power of appointment by will shows clearly that the testatrix contemplated the death of the life beneficiary *after* her. Both conditions precedent mentioned in this article must have occurred to make it effective. Only one occurred. Article VI, therefore, was not intended to apply to the situation now confronting the executors.

In view of the foregoing, intestacy as to the share of John Walter Watts must be found. This construction permits the children of the son George to share contrary to the expressed desire of the testatrix. The error or omission, however, was the testatrix's. An heir or next of kin is not cut off by an expression to that effect in a will where there is no legal devise or bequest of a part of the estate to which the heir or next of kin would otherwise be entitled. *Gallagher* v. *Crooks,* 132 N. Y. 338; *Wood* v. *Hubbard,* 29 App. Div. 166.

Moreover, the failure to provide for George's children was not a disinheritance for hostility to them.

On the contrary, the testatrix stated that she did not omit provision for George's children " from any lack of affection for them or him, or of appreciation of his love for and devotion to me."

The construction of the codicil is that Ethel C. Watts is deprived of the power of appointment and life interest as to one share of the residuary in the event of her marriage. In such a case one of her two shares reverts to the residuary to be divided into equal parts among the residuary trusts, including her own. It is not necessary to determine what disposition should be made of any part of the share in the event of the death of any of the five life beneficiaries who survived the testatrix and are now living. That question may be determined when the occasion arises. The will and codicil are construed accordingly.

Decreed accordingly.