In the Matter of the Estate of ISAAC GOLDBERG, Deceased.

Surrogate's Court, New York County, August 30, 1927.

**Wills — construction — devise to three sons, " executors and administrators, in equal shares "— one son predeceased testator — words " executors and administrators " are words of limitation — child of deceased son is entitled to father's share under Decedent Estate Law, § 29.**

The testator devised the residue of his property to his three sons, naming them " executors and administrators, in equal shares." One son predeceased the testator leaving him surviving a daughter. The words " executors and administrators " are words of limitation and it was not the intention of the testator to substitute the " executors and administrators " in case of the death of any

of the legatees. Therefore, the surviving daughter of the deceased devisee takes the share devised to her father by force of section 29 of the Decedent Estate Law.

ACCOUNTING proceeding involving construction of will.

*Lester M. Friedman,* for the executors.

*Stewart Maurice,* for Ruth Miriam Goldberg Underhill.

FOLEY S. This is an accounting proceeding. Objections have been filed by Ruth Miriam Goldberg Underhill, who claims to be entitled to one-third of the residuary estate. The objectant is the daughter and only child or descendant of Joseph Goldberg, a son of the decedent, who predeceased the testator by four days. The accounting parties ask that her objections be dismissed on the ground that she is not entitled to share in the residuary estate.

The issue involved necessitates a preliminary construction of the will. The determination of this question will result in either the dismissal of the objections, or a direction to proceed before the referee already appointed to hear the objections and determine the issues raised by them.

The residuary clause of the will reads as follows: " All the rest, residue and remainder of my estate, real and personal, and wherever situated, I hereby give, devise and bequeath to my three sons, Joseph Goldberg, Shepard J. Goldberg, and Samuel Goldberg, executors and administrators, in equal shares." Joseph Goldberg and Samuel Goldberg were named as executors of the estate of Isaac Goldberg, the decedent here. The accounting parties claim that the words used, " executors and administrators," display an intention on the part of the testator, in the event of the death of Joseph Goldberg, to make a substitutional gift over to his executor. The objectant, the daughter of Joseph, claims that she alone is entitled to the share bequeathed to her deceased father because of the provisions of section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384). That section reads as follows: " Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

I hold that the objectant is a person interested in this estate

and is entitled absolutely to one-third of the residuary estate bequeathed to her father. The testator did not intend to have the " executors and administrators " of Joseph substituted in his place. The words " executors and administrators," as used in this will, are words of limitation. A gift to " A, and his heirs and assigns," or a gift to " B, his heirs, executors or administrators," or a gift to " C, and his heirs " is not substitutional in case of the death before the testator of the first legatee named. Phrases of this kind have been repeatedly held to be words of limitation only, descriptive of the absolute nature of the estate granted to such a legatee. In *Matter of Tamargo* (220 N. Y. 225) the words " their heirs and assigns " were held to be words of limitation and not of substitution. In *Matter of Wells* (113 N. Y. 396) the word " heirs " was given the same interpretation. In that case the court held that the word " heirs " was not substitutional and the legacy was adjudicated to have lapsed on account of the death of the primary legatee. *Matter of Reynolds* (109 Misc. 453, 456; affd., 192 App. Div. 937) is to the same effect. Likewise, in *Matter of Child* (99 Misc. 463) a bequest to a legatee, " her heirs, executors or administrators," was held absolute and to have lapsed on the death of the legatee (who was neither a descendant, brother or sister of the testatrix) before her. Motion to dismiss objections denied.

Proceed before the referee.