In the Matter of the Accounting of CARL GOLDSTEIN et al., as Executors and Trustees under the Will of ELIAS GOLDSTEIN, Deceased.

Surrogate's Court, New York County, February 7, 1949.

*Jacob J. & Jay O. Kramer* for executors and trustees, petitioners.

*Joseph A. Bambury,* special guardian for Marcia Springel and others, infants, and others, respondents.

COLLINS, S. The executors request a construction of paragraphs fifteenth and sixteenth of decedent's will in connection with their final accounting. The decedent divided the residue of his estate into 100 equal parts. In paragraph fifteenth he gave five of these parts to a niece, Hilda Classens, who predeceased him. The legacy being to a niece does not come within the saving provisions of section 29 of the Decedent Estate Law and therefore lapsed and passed by intestacy.

In paragraph sixteenth of his will the decedent attempted to create a trust of fifteen parts of the residue " to pay the net income as well as the principal thereof, in such sums or amounts and at such times as my said executors and trustees and the survivor, successor or successors of them, shall deem advisable to such of the descendants of my brother and/or sisters, as will apply therefor from time to time and who shall be deemed worthy to receive the same by my said executors * * * ; such payments to be made for the sole purpose of paying tuition fees and living expenses and for the maintenance and support of the applicant or applicants while such applicant or applicants pursue either an academic or professional college course or both." The testator then provided that his executors or trustees in their discretion might pay the principal and income to any college or university or appropriate corporation for the purpose of carrying out the trust.

The decedent died in October, 1932. His executors contend that the trust sought to be created in paragraph sixteenth is invalid because it is too indefinite and violates the statute against perpetuities. They suggest that the fifteen shares mentioned in paragraph sixteenth, together with the lapsed legacy of five shares to Hilda Classens, be distributed proportionately to the beneficiaries of the other eighty parts of the residue. This contention cannot be sustained. To so hold would violate the rule that a residue cannot be augmented by a " residue of a residue " (*Wright v. Wright*, 225 N. Y. 329, 340; *Matter of Watts*, 112 Misc. 300).

The special guardian for infant descendants of decedent's brother and sisters agrees that the attempted trust is invalid but urges that the provision should be validated as a general gift of income with authority to use principal without any limitation as to time and without any other disposition to be made of the principal. He contends that the provision creates an outright gift to those descendants in being at the time of decedent's death and who are now of an age generally recognized as " college

age ". This contention is also overruled. His proposed plan of distribution cannot be carried out because these same infants could not have fulfilled the condition at the time of decedent's death of pursuing "either an academic or professional college course, or both."

The Surrogate is cognizant of the principle oft repeated "that an interpretation that will result in intestacy as to any part of an estate is to be avoided if possible" (*Matter of Hayes*, 263 N. Y. 219, 225). However, it is recognized that the "desirable policy of judicial salvage of testamentary provisions has its limits" (*Matter of Morrison*, 173 Misc. 503, 508). The general plan of the testator here cannot be saved. The attempted trust is clearly invalid because of its indefiniteness and because it is not measured by two lives in being at the time of decedent's death. Nor can it be sustained as a charitable trust (*Matter of Beekman*, 232 N. Y. 365). Even if it be considered a general gift of income and principal the other conditions and purposes attached to it, namely, that descendants of decedent's brother and sisters must apply for expenses of education and must be deemed worthy render it impossible to ascertain who the beneficiaries might be. In this respect the situation here differs from that determined in *Matter of Ingersoll* (95 App. Div. 211) cited by the special guardian where the provision was for the education, maintenance and support of grandnieces and grandnephews.

The fifteen shares mentioned in paragraph sixteenth therefore passed as intestate property.

The compensation of the attorneys for the executors has been allowed in the amount requested.

Submit decree on notice settling the account and construing the will accordingly.