THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL N. CORCILLO and NATIONAL SURETY CORPORATION, Defendants. (Action No. 1.)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CARMINE V. CORCILLO and NATIONAL SURETY CORPORATION, Defendants. (Action No. 2.)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EMPIRE STATE AGENCY, INC., and NATIONAL SURETY CORPORATION, Defendants. (Action No. 3.)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL N. CORCILLO and THE CENTURY INDEMNITY COMPANY, Defendants. (Action No. 4.)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CARMINE V. CORCILLO and THE CENTURY INDEMNITY COMPANY, Defendants. (Action No. 5.)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. EMPIRE STATE AGENCY, INC., and THE CENTURY INDEMNITY COMPANY, Defendants. (Action No. 6.)

Supreme Court, Special Term, Albany County, April 26, 1949.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson, Royal D. Woolsey, Douglas S. Rider* and *Arthur I. Seld* of counsel), for plaintiff.

*William C. Martin* for Carmine V. Corcillo and others, defendants.

*Samuel Gottesman* for National Surety Corporation and another, defendants.

BOOKSTEIN, J. The first-named defendants are professional bail bondsmen. (Insurance Law, § 331; Code Crim. Pro., § 554-b.) The second above-named defendants are sureties on the qualifying bonds furnished by the above first-named defendants, pursuant to the foregoing sections of the Insurance Law and the Code of Criminal Procedure. The three bonds of the defendant National Surety Corporation are for the license year 1944 and the three bonds of the defendant Century Indemnity Company are for the license year 1945.

These six actions are brought against the three first above-named defendants as principals and against the respective second-named defendants as sureties to recover the full penal sum of $5,000 fixed in each of the six bonds.

Defendants move to dismiss all six actions under subdivision 6 of rule 107 of the Rules of Civil Procedure on the ground that the actions did not accrue within the time limited by law for the commencement of an action thereon.

On that score, it is the contention of defendants that these are actions " upon a statute for a forfeiture or penalty to the people of the State " and that under subdivision 2 of section 50 of the Civil Practice Act, these actions had to be commenced within two years after the causes of action accrued.

There can be little doubt but that the recovery sought here is in the nature of a penalty which finds its genesis in statutory provisions. Nevertheless, it is not a statutory penalty within the purview of section 50 of the Civil Practice Act.

A statutory penalty is one imposed against the offender for some statutory violation by him. There are many of such statutory penalties to be found in the Agriculture Law, the Conservation Law, the Labor Law, the Public Health Law and other statutes, including the Insurance Law. A few examples will suffice to illustrate the statutory penalties to which the limitation of time fixed by section 50 of the Civil Practice Act applies. Section 17 of the Public Health Law provides that '' Any person violating * * * any provision of the public health law * * * for which a civil penalty is not otherwise expressly prescribed by law, shall be liable to the people of the state for a civil penalty of not to exceed fifty dollars for every such violation.''

See, also, subdivision 5 of section 112, subdivision 2 of section 187 and subdivision 6 of section 188 of the Insurance Law, the last of which provides that '' Any person * * * violating the provisions of this section shall * * * pay to the people of this state as a penalty the sum of five hundred dollars for each such violation.''

It may be observed that in the case of such penalties, they are imposed against the offender *only*; they are not, as here, sought to be imposed against a third person, viz., the bonding companies in this case, which themselves have violated no statute. Such penalties are imposed against the offender against his will and not by reason of any agreement or contract made by him.

Here the liability sought to be imposed is not alone against the offender but also against the unoffending surety. Here the liability sought to be imposed is under a bond or undertaking which neither the principal nor the surety was compelled to furnish. The principal furnished the bond, in compliance with a statute requiring it as a condition precedent to the issuance of a license to do a certain business; the surety company, for an agreed premium, undertook to guarantee performance by the principal of the conditions of the bond. The principal furnished the bond in consideration of the issuance to him of a license.

True the bond itself is in response to a statutory requirement; true the statute fixes the amount of the bond and the conditions thereof and the liability thereon, in the event of a breach of its conditions. And in the sense that a recovery of the amount

thereof by the State may be had even though no actual money damage has been sustained, it may be a penalty or forfeiture, it is nevertheless not a statutory penalty within the meaning of section 50 of the Civil Practice Act. The ultimate fact is that these actions are on bonds or undertakings, duly executed and delivered, in compliance with law. The violations of the statutory provisions, pursuant to which the bonds were given, constitute the violations of the conditions of the bond. The action is based on those violations and the fact that the violations of the conditions of the bond constitute the identical violations of the statute, do not transform the actions on the bonds into actions to recover penalties fixed by statute.

Since the actions are on the bonds to recover the full penal sums thereof, the applicable period of limitations is governed by sections 48 and 160 of the Civil Practice Act, i.e., the six-year Statute of Limitations.

The motions to dismiss under rule 107 are therefore denied.

Defendants also move to dismiss the complaints for insufficiency under subdivision 5 of rule 106 of the Rules of Civil Practice.

Each of the complaints is similar in form and consists of five paragraphs. The first two paragraphs allege the corporate capacity of the corporate defendants. The third paragraph alleges the execution of the bonds upon which the action is brought. The fifth paragraph alleges demand and nonpayment.

The crucial allegation is contained in the fourth paragraph which reads as follows: '' Fourth: On or about December 24, 1945, the Insurance Department of the State of New York rendered a decision, following a hearing conducted by said Department, pursuant to law, determining that defendant, Empire State Agency, Inc. had not faithfully performed its duty to The People of the State of New York in the giving of bail, in that it had been guilty of violating the provisions of the Insurance Law of the State of New York and of the Code of Criminal Procedure of the State of New York in respect to the giving of bail, thereby creating an obligation on the part of defendants herein, pursuant to the terms and conditions of the said bond to pay to The People of the State of New York the sum of Five Thousand Dollars ($5,000.00).''

If the conditions of the bonds are or have been violated, during the license period for which the bonds were given, liability follows and plaintiff is entitled to recover the full penal sums thereof. The allegation does not directly or expressly charge

any violation of the conditions of the bonds. Rather, the allegation is that the Insurance Department, after a hearing, determined that the principals on the bonds had been guilty of violating the provisions of the Insurance Law and the Code of Criminal Procedure in respect to the giving of bail and that, as a result, the obligation to pay the penal sums of the bonds was created.

Neither the statute nor the bonds provide that liability thereon accrue upon a determination by the Insurance Department that a violation has occurred. The liability becomes absolute upon a violation of the applicable statutory provisions, i.e., section 331 of the Insurance Law and section 554-b of the Code of Criminal Procedure. This is the equivalent of saying that the liability becomes absolute upon a violation of the conditions of the bonds. In other words, liability on the bonds depends upon the fact that a violation has occurred and not upon the fact that the Insurance Department has determined that it has occurred. Such a determination may or may not be correct. Such determination may justify the revocation of the licenses of the professional bondsmen, the principals on the bonds in suit. For any error in such a determination such bondsmen have a remedy by certiorari.

That remedy is not available to the sureties, who are not parties to the proceedings before the Insurance Department. At least, there is no allegation that the sureties had notice of or participated in any manner in the hearing before the Insurance Department. Surely, before liability is imposed on the sureties, they are entitled sometime and in some forum to have their day in court before a determination against them of liability is made. That forum is this court. Before being called upon to answer, an issue must be tendered to them. That is the office of the complaint.

For the purpose of this motion, the allegation of the complaint, heretofore quoted, must be deemed to be admitted. Admitting that allegation, it seems to this court that no cause of action is stated, since such admission merely means, what is doubtless the fact, that the Insurance Department has determined that there have been violations. What the violations are or when they occurred are not stated.

Since the sureties are liable only for violations occurring during the license period for which the bonds were furnished, it is essential that the complaint allege that the violations occurred during said period. For aught that now appears in

the complaint, the violations found by the Insurance Department may have occurred either prior or subsequent to the license period for which the bonds were given. The mere fact that the action is instituted against these particular sureties does not necessarily create the inference that the alleged violations occurred during the license periods of the bonds.

To state a cause of action against defendants, the complaint must allege the claimed violations and that they occurred within the license periods. The defendants are not required to demand and obtain a bill of particulars in order to determine whether or not a cause of action is alleged against them. A bill of particulars may be had to amplify a complaint, if it states a cause of action. It is not its office to supply the allegations necessary to state a cause of action. That is the office of the complaint.

Plaintiff contends that the opinion of Mr. Justice BERGAN in the case of *Godfrey* v. *Winona Lake Development Co.* (194 Misc. 903) is authority for sustaining the complaints in these actions. With that contention this court cannot agree.

That case was one to recover a penalty against the alleged offender only. No surety was involved. The penalty was a statutory one. (Public Health Law, § 17.)

There it was pleaded that the defendant undertook to install a sewage treatment plant; that a hearing was conducted under the direction of the Commissioner of Health who rendered a decision that there had been a violation, for which the penalty provided for by section 17 of the Public Health Law was incurred and no proceeding was ever taken to review such determination.

Section 2-c of the Public Health Law expressly states that the action, proceedings and authority of the State Health Department in such a matter as was involved in the *Winona* case (*supra*) " shall at all times be regarded as in their nature judicial, and shall be treated as prima facie legal."

It is thus to be noted that in that case, the complaint charged both the installation of the sewage plant and that after a hearing the defendant was found in violation of the Public Health Law, such hearing being judicial in its nature, by the express provision of law above quoted.

In the instant case there is no allegation of acts constituting a violation of sections 331 of the Insurance Law and 554-b of the Code of Criminal Procedure. At most, there is here merely an allegation that the Insurance Department held a hearing and so determined. Moreover, the Insurance Law, unlike the Public Health Law, does not confer upon the Insurance Department,

judicial power in the matter of imposing a penalty or creating of liability under a qualifying bond. If the Insurance Department determines that there has been such a violation, it can revoke the license of the licensees, which it has done and can then call upon the Attorney-General to institute an action against the licensee and the surety to recover for the alleged violation. In the case of the revocation of the license, the licensee can resort to a proceeding to review the department's determination; the surety cannot. In the action on the bond, the surety is entitled to be met with proof which will justify the requirement that it pay the penal sum of the bond. Before the proof can be offered, the complaint must plead the facts, as to which proof is ultimately to be offered. As already indicated, proof that the Insurance Department has determined that a violation has occurred does not establish the cause of action. The gravamen of the action is a violation of the conditions of the bond and not the fact that the Insurance Department has determined that the violation has occurred.

The motions to dismiss the complaints for insufficiency are granted, with leave to plaintiff to serve amended complaints, if so advised.

Submit orders.