Gerald Saperstein, Acting County Judge.
On March 23,1963, while the defendant, Harold L. Weeks, was driving a 1955 Buick sedan in a westerly direction in the Town of Sennett, Cayuga County, State of New York, he passed through a radar unit operated by Trooper A. T. Slocum, who by radio informed Trooper D. B. Eldridge in a pickup car that the 1955 Buick sedan was traveling at 72 miles per hour. Trooper Eldridge stopped the 1955 Buick sedan. He ascertained that the defendant, Harold L. Weeks, was the operator, and issued a uniform traffic ticket to him for traveling 72 miles per hour in a 50 miles per hour zone, in violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law. Trooper Eldridge filed a copy of the uniform traffic ticket entitled “ complaint, ’ ’ with Bert S. Westlake, Justice of Peace, Town of Sennett. This ticket was used as the information pursuant to chapter 1-A of title 3 of part 4 (§§ 147-a-147-g) of the Code of Criminal Procedure (simplified traffic informations). The complete information reads as follows:

*766

*767 There were no supporting depositions attached to the information, nor did it state that it was based upon information and belief.
On March 25, 1963, the defendant appeared before Bert S. Westlake, Justice of the Peace. After the defendant was informed of all his rights, a motion was made by his attorney for dismissal of the information on the grounds it was insufficient. This motion was denied. The defendant pleaded not guilty, requested a bill of particulars and demanded a trial. On March 27, 1963, a bill of particulars in the form of supporting affidavits signed by Troopers Eldridge and Slocum, were filed with the court.
A trial without a jury was held on May 16, 1963 in the Court of Special Sessions of the Town of Sennett, County of Cayuga, State of New York, Bert S. Westlake, Justice of the Peace, presiding. The defendant was found guilty of the charge of speeding in violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law of the State of New York. He was fined $50 and his operator’s license was revoked. The fine Avas paid, and the defendant has appealed his conviction.
The Assistant District Attorney, Charles W. Avery, and Peter E. Corning, attorney for the defendant, have stipulated that the only error to be reviewed is the sufficiency of the short-form information filed by Trooper Eldridge pursuant to chapter 1-A of title 3 of part 4 of the Code of Criminal Procedure.
This court is not asked to pass upon the legality of the use of the simplified traffic information when all the facts constituting the violation are Avithin the personal knoAvledge of the peace officer signing the information.
In the instant case, it is admitted that Trooper Eldridge, who signed the information, did not have actual knowledge that the defendant was driving 72 miles per hour. This fact was supplied to him by Trooper Slocum by radio. Thus, the information was based upon information and belief, which was not so stated in the information used in this case, nor were any supporting affidavits attached thereto.
The question presented here is, can a bill of particulars filed after the simplified traffic information is laid before the Magistrate, be used as supporting depositions when all the facts constituting the alleged violation are not within the personal knowledge of the peace officer filing such an information.
The rules concerning the sufficiency of the information in a criminal case also apply to a charge involving a traffic infraction. (People v. Scott; 3 N Y 2d 148; People v. Staples, 5 Misc 2d 619; People v. Semonite, 189 N. Y. S. 2d 256.) When all the facts *768 constituting the violation of the Vehicle and Traffic Law are not within the personal knowledge of the peace officer, then the information should so state and all necessary supporting depositions should he attached even though the information is used as a pleading instead of being the basis for the issuance of a warrant. Otherwise, the Magistrate is deprived of jurisdiction and the charge should be dismissed. (People v. James, 4 N Y 2d 482; People v. Scott, supra; People v. Schwer, 7 N Y 2d 838.)
The simplified traffic information which became effective October 1, 1962, was designed to facilitate the prosecution of traffic violations. However, the fundamental rights guaranteed to an individual that he not be punished for a crime without a formal and sufficient accusation, have been passed upon by our courts many times and cannot be destroyed or ignored for the sake of expediency or convenience. (Albrecht v. United States, 273 U. S. 1; Weeks v. United States, 216 F. 292; People ex rel Battista v. Christian, 249 N. Y. 314.)
'Section 147-g of the Code of Criminal Procedure is very specific as to what a bill of particulars must contain. The affidavits offered here as a bill of particulars did not supply the essential requirements of the statute. These affidavits did not set forth the title of the action, the name of the court in which the simplified traffic information was presented, or the names of the parties. They also did not disclose how Trooper Eldridge ascertained the rate of speed at which the defendant was allegedly traveling. Since the bill of particulars did not comply with section 147-g of the Code of Criminal Procedure, it was wholly insufficient.
A bill of particulars is not in itself a pleading, nor can it be used to correct a defect in the pleadings, or add or substitute a new theory or cause of action. (Royle v. McLaughlin, 195 App. Div. 413; People v. Corcillo, 195 Misc. 198; Matter of Caldwell, 58 N. Y. S. 2d 133.)
The purpose of a bill of particulars under section 147-g of the Code of Criminal Procedure is to amplify the violation set forth in the information and to limit the evidence. It cannot supply an essential allegation which is lacking in an information previously filed with the court. In People v. James (4 N Y 2d 482, supra) the court held that the furnishing of depositions after arraignment did not correct an information that was defective. This court is of the opinion that an information, either simplified or long form, which is insufficient, is a jurisdictional defect and cannot be cured by a bill of particulars filed after the information is laid before the Magistrate.
*769 According to all the papers in this appeal, the Justice of Peace acted 'diligently and within his authority. Only the legality of the information is at issue. From reading the information it could:, be' assumed that- Trooper Eldridge observed the radar machine personally. This impression was not contradicted by an affidavit filed as part of the bill of particulars, which merely stated.that he “ascertained” the rate of defendant’s speed. The trial testimony disclosed for the first time that Trooper Eldridge did not have personal knowledge of the alleged violation.
The information does not state that it was based upon information and belief, nor were any depositions attached thereto. This information was based upon unsupported hearsay and is therefore defective, ab initio. Even if the bill of particulars in the instant case had complied with the statute, it could not cure the defective information.
Judgment of conviction is reversed. The information is dismissed and it is directed that the fine be remitted and the defendant’s license restored.