Charles F. Graney, J.
On October 31, 1968, Officer J. J. Gravante, a Patrolman on the Batavia City police force, issued a summons to the defendant herein, charging him with a viola *834 tion of section 600 of the Vehicle and Traffic Law occurring at 7:10 p.m. in the City of Batavia. The charge is specified as “Leaving the Scene of an Accident ”. The violation charged is a misdemeanor. On November 7,1968, the defendant pleaded not guilty to the charge and requested a bill of particulars. On November 12, 1968, a bill of particulars, sworn to by Officer Gravante, was submitted and is set out below.
STATE OF NEW YORK
COURT OF SPECIAL SESSIONS
ss CITY OF BATAVIA f
COUNTY OF GENESEE
J. J. Gravante, Patrolman, being duly sworn, deposes and says: that Richard D. Samsel, at about 7:10 o ’clock in the p.m. of the 31st day of October 1968, did commit a (traffic infraction— misdemeanor — > crime) in violation of Article 22, Section 600, Subdivision......of the Vehicle and Traffic Law of the State of New York, in that (he) did ride, drive, propel and operate a motor vehicle, to wit: a 1965 Ford Convertible, bearing Registration No. 4254-GS, State of New York, upon Buell Street, a public highway in the City of Batavia, County of Genesee, State of New York, as follows: Defendant, driving north on Buell street, stopping said vehicle in front of 19 Buell street where an argument ensued between defendant and mrs. mary fasano & gerald fasano. mrs. ■ fasano having her hand caught on the door handle, was dragged from 19 Buell to in front of number 23 Buell Street. Defendant fled from the scene and later arrested at his home.
J. J. Gravante

(Informant)

Sworn to before me this
12th day of November, 1968.
A. P. Hofmaster, Lieutenant, Batavia City Police Dept., N. Y.
On January 27, 1969, the defendant moved to dismiss the charge on the ground that the complaint and bill of particulars failed to allege or charge any crime or offense. The defendant points out that there is no allegation that he knew any person was injured or that the injury was caused either by his culpability or by accident.
The defendant is correct in claiming that the complaint and bill of particulars do not allege all the essential elements of the crime charged. There is ample authority for the position that the information must set out the acts constituting the crime with the same clarity as an indictment and must state the offense *835 and the act or acts constituting the offense. (People v. Grogan, 260 N. Y. 138; People v. Glaser, 2 A D 2d 352; Paperno and Goldstein, Criminal Procedure in New York, § 18.) The basis of this rule appears to be statutory. (See People v. Zambounis, 251 N. Y. 94; Code Crim. Pro., § 275, subd. 2; § 323, subd. 4). Prior to the enactment of chapter 1-A of title III of part IV of the Code of Criminal Procedure (Simplified Traffic Informations), this court would have granted the defendant’s motion.
Section 147-a of the Code of Criminal Procedure permits the complaint alleging a violation of the Vehicle and Traffic Law to be in a prescribed form known as a simplified traffic information. This type of complaint was presented to this court. Section 147-f directs that a defendant so charged has the right to a bill of particulars. Section 147-g provides that the bill of particulars must give the defendant and the court reasonable information as to the nature and character of the violation charged, but further provides that all of the elements of the violation do not necessarily have to be set forth.
The most recent and thorough analysis of chapter 1-A is contained in the case of People v. Boback (23 N Y 2d 189). In that case, the Court of Appeals held that although decisional law, prior to the enactment of chapter 1-A, required an information be sworn to by a person with personal knowledge of the charge, or be supported by affidavits of persons with such knowledge, this had been changed by passage of chapter 1-A. Since the rule of law involved was based on policy and there was no constitutional impediment, the court upheld the conviction therein even though the information was made solely on information and belief. The court further held that the simplified traffic information could not itself furnish the basis for issuance of warrants of arrest because of constitutional requirements.
The analogy to the case at bar is clear. Constitutional concepts of due process and double jeopardy require that the defendant be informed of the nature of the charge and circumstances under which he is alleged to have violated the law (People v. Boback, supra). This requirement was met in this case by use of the simplified traffic information and the bill of particulars. The principle that an information must allege each essential element of the charge is based on policy and/or statutory provisions and has been abrogated in the case of violation of the Vehicle and Traffic Law by the provision of chapter 1-A. We find no constitutional impediment to this. Accordingly, defendant’s motion is denied.