C. Benh Forsyth, J.
This matter came on for trial for a violation of subdivision (a) of section 1126 of the Vehicle and Traffic Law — crossing a double yellow line. At the time of the trial the defendant moved to dismiss this case upon the grounds that the verified bill of particulars did not state that it was on information and belief. Such motion is denied.
These proceedings were commenced with a simplified traffic information pursuant to section 147-a of the Code of Criminal Procedure. The defendant demanded a bill of particulars pursuant to sections 147-f and 147-g. The bill of particulars is for the purpose of giving the defendant reasonable information as to the nature and character of the violation (§ 147-g, subd. 2). This purpose can be accomplished by anyone having knowledge of the offense (whether or not he was an eyewitness) as long as the prosecution has (1) made a sufficient disclosure so the *182 defendant may prepare Ms defense, and (2) is limited in its proof to such disclosure; it does not matter who verifies the hill ■of particulars.
The court’s jurisdiction rests on the simplified traffic information and not the bill of particulars (People v. Weeks, 39 Misc 2d 765, revd. on other grounds 13 N Y 2d 944). Therefore the bill of particulars need not meet all the formal requirements of an information (People v. Samsel, 59 Misc 2d 833). Simplified traffic information may be upon information and belief, without so stating (People v. Boback, 23 N Y 2d 189). It would seem inconsistent to then require a higher standard of the bill of particulars than the information. It should also be mentioned that if the Legislature had intended the requirement of personal knowledge of those verifying bills of particulars, they should have said so (People v. Baratta, 56 Misc 2d 447).
The proof satisfied the court that the defendant was guilty, and he therefore is fined $10.