## OAKLAWN JOCKEY CLUB, INC. *v.* PICKENS-BOND CONSTRUCTION CO. ET AL

5-5773                                     477 S.W. 2d 477

Opinion delivered February 28, 1972
[Rehearing denied April 10, 1972.]

*Smith, Williams, Friday, Eldredge & Clark;* By: *Boyce R. Love,* for appellant.

*James A. Pate,* for appellees.

CONLEY BYRD, Justice. Theo Tyler, an employee of appellee Pickens-Bond Construction Co., was injured on the premises of Oaklawn Jockey Club while in the scope of his employment when the handle of a bull float came in contact with some electrical power lines owned and operated by Arkansas Power & Light Company. Admittedly he is being paid Workmen's Compensation benefits. Tyler brought suit against Arkansas Power & Light Co. and the Oaklawn Jockey Club, Inc., alleging that the Oaklawn Jockey Club was negligent in failing to provide him with a safe place in which to work; in failing to request Arkansas Power & Light Co. to discontinue the lines and in constructing its facilities too close to the power line. After answer and cross-complaint of A. P. & L. and Oaklawn Jockey Club against each other, Oaklawn Jockey Club then filed a cross-complaint against Pickens-Bond Construction Co. in which it alleged:

> "1. Oaklawn, as the owner, contracted with Pickens-Bond as the contractor, to build a new building in Hot Springs, Arkansas, which is the construction that was underway at the time of the alleged accident and injury which is the subject matter of this

lawsuit. The construction was entirely under the supervision and control of Pickens-Bond, was only partially completed at the time of the injury on August 15, 1968, and had not yet been turned over to or accepted by Oaklawn.

2. There was implied in the contract between the owner and the contractor an obligation on the part of the contractor to perform the work in a safe manner, to provide safe working conditions for its employees, to refrain from creating hazardous conditions which could cause injury to the contractor's employees and thereby subject Oaklawn to liability to such employees, and to comply with all laws, regulations and building codes pertaining to safety on the job and manner of doing the work. The plaintiff was at the time of the incident an employee of Pickens-Bond."

Upon motion of Pickens-Bond, the trial court dismissed Oaklawn's cross-complaint for implied indemnity on the basis that Pickens-Bond's liability was limited by the Workmen's Compensation law, Ark. Stat. Ann. § 81-1304.

Those courts dealing with implied and contractual indemnity, *Moroni* v. *Intrusion-Prepakt, Inc.,* 24 Ill. App. 2d 534, 165 N. E. 2d 346 (1960), *American District Telegraph Co.* v. *Kittleson,* 179 Fed. 946 (8th Cir. 1958) and *C. L. Rural Electric Coop.* v. *Kincaid,* 221 Ark. 450, 256 S. W. 2d 337 (1953), ordinarily recognize that the contractor's duty to indemnify the owner, under such circumstances, is not controlled by the Workmen's Compensation law. In *C. & L. Rural Elec. Coop.* v. *Kincaid,* we were dealing with an express indemnity. The grounds for implied indemnity were stated in the *Moroni* case in this language:

"The . . . general principle is announced, however, in many cases, that where one does the act which produces the injury and the other does not join in the act but is thereby exposed to liability and suffers damage the latter may recover against the principal delinquent, and the law will inquire into the real delinquency and place the ultimate liability

upon him whose fault was the primary cause of the injury."

The justification for applying the theory of implied indemnity is amply demonstrated by the alleged facts. Should Tyler recover damages against Oaklawn, then under our Workmen's Compensation law, Pickens-Bond would be reimbursed its Workmen's Compensation expenditures for an injury that allegedly was caused by and occurred under the control of Pickens-Bond and for which Oaklawn was only secondarily liable.

In holding that the Workmen's Compensation Act did not abolish the right of a third party to be indemnified the court in the *Moroni* case said:

"Plaintiff does not sue for damages 'on account of' Haviland's death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant.

"It may be admitted that if the defendant is held to answer to the plaintiff in this action the result . . . is that an employer is made liable indirectly in an amount which could not be recovered directly. This consequence, we think, does not decide the issue against the plaintiff. Recovery over against the employer is an unusual case like this need not be rested upon any theory of subrogation. An independent duty or obligation owed by the employer to the third party is a sufficient basis for the action."

The annotation in 53 ALR 2d 977 relied upon by Pickens-Bond as authority for the proposition that an employer is protected by the Workmen's Compensation law from an action by a third party for contribution deals only with claims of third persons having a common liability such as joint tort feasors. By express provision, the annotation excluded a discussion of those cases, such as this, where the third party's action is for a duty owed to it by the employer.

It follows that the trial court erred in dismissing Oaklawn's cross-complaint in so far as it stated a cause of action for implied indemnity.

Reversed and remanded.

HARRIS, C. J., and FOGLEMAN, J., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. Although I agree with the majority opinion that the workmen's compensation insurance carried by Pickens-Bond Construction Company does not immunize it from liability for indemnity as general contractor to Oaklawn Jockey Club as owner, it seems to me that the summary judgment in the case should be affirmed for another reason. Theo A. Tyler sued Oaklawn Jockey Club, alleging negligence on the part of the Jockey Club in the following particulars:

1.  Failing to provide plaintiff a safe place in which to work;

2.  Failure to request the defendant Arkansas Power and Light Company to discontinue the transmission lines in question;

3.  Negligently constructing their building facilities in close proximity to the power line in question thereby creating a dangerous and hazardous condition for workmen on the concrete porch of said building where the defendant Oaklawn Jockey Club, Inc. knew or should have known that plaintiff or other workmen would be working.

As I read the complaint these are allegations of negligence on the part of the Jockey Club itself and not allegations of derivative, vicarious or joint liability with Pickens-Bond Construction Company.

The cross-complaint of Oaklawn Jockey Club against Pickens-Bond seeks indemnity for any liability to the plaintiff to which Oaklawn is subjected. The motion for summary judgment did not make mention of the issue with reference to workmen's compensation but was in general terms on the grounds that there was no genuine issue as to any material fact and that Pickens-Bond was entitled to judgment as a matter of law.

The summary judgment dismissed the cross-complaint against Pickens-Bond. While the judgment recites a holding that the workmen's compensation remedy is exclusive and that Oaklawn Jockey Club cannot maintain an action for indemnity against the contractor for that reason, there was also a general finding that the cross-complaint against Pickens-Bond should be dismissed.

It is my view that Oaklawn Jockey Club cannot recover from Pickens-Bond on an implied indemnity for its own acts of negligence which were the proximate cause of the plaintiff's injury. We have held that a general contractor cannot recover from a subcontractor under an express agreement for indemnity for active negligence on the part of the general contractor which was the proximate cause of injury to an employee of the subcontractor. *Pickens-Bond Construction Co.* v. *North Little Rock Elec. Co.*, 249 Ark. 389 (1970), 459 S. W. 2d 549. The same principle of law should apply as between an owner and a general contractor even if there were an express agreement. There is all the more reason for its application if there was no express agreement.

I would affirm the summary judgment.

I am authorized to state that Chief Justice Harris joins in this dissent.