## JACK MORGAN CONSTRUCTION COMPANY, INC., ET AL v. JOHN W. LARKAN

73-58                                    496 S.W. 2d 431

Opinion delivered July 9, 1973

*Cockrill, Laser, McGehee, Sharp & Boswell* and *Smith, Williams, Friday, Eldredge & Clark,* by: *William H. Sutton,* for appellants.

*Sam Robinson* and *Fulk, Lovett & Mayes,* for appellee.

GEORGE ROSE SMITH, Justice. This multiparty case began as an action for wrongful death filed by the administratrix of the estate of Ronnie C. Harris. The two appellants (defendants below), Jack Morgan Construction Company and Nuclear Corporation of America, filed cross-complaints seeking contribution and, in Morgan's case, indemnity from the appellee, John W. Larkan, a third-party defendant. Larkan responded with a motion for summary judgment, upon the ground that there was no genuine issue of fact upon which he could be found to be liable to Morgan or to Nuclear. This appeal tests the correctness of the summary judgment entered by the trial court in Larkan's favor.

Harris, the decedent, was an ironworker employed in the construction of a building in Stuttgart at the time of his accidental death. The Morgan company was the prime contractor for the construction project. Harris was employed by J. Albert Erection Company—a corporation holding a subcontract for the ironwork. Nuclear was the fabricator of certain steel joists that were involved in the fatal accident. Larkan was the president and manager of the corporate subcontractor—a family corporation wholly owned by Larkan and his wife.

According to the complaint, Harris was working some 25 feet above a concrete floor at the construction site. Steel joists had been placed at that height without having been welded together. A crane was used to place heavy bundles of decking upon the joists. The weight of the decking broke or shifted the joists, causing Harris to fall to his death.

The complaint charged various acts of negligence to Morgan and Nuclear, together with breaches of warranty

by Nuclear. Morgan and Nuclear denied having been at fault and by cross-complaint asserted negligence on the part of Larkan in personally supervising and directing that part of the work that resulted in Harris's death. Both Morgan and Nuclear sought contribution from Larkan toward the payment of any judgment that might be rendered against them. Morgan also sought complete indemnity from Larkan. The issue of contribution and the issue of indemnity involve different principles of law and must be discussed separately.

*Contribution.* Larkan, in resisting the appellants' claims for contribution, contends that he was Harris's employer and is therefore protected from tort liability by the exclusive-remedy provisions of the workmen's compensation law. Ark. Stat. Ann. § 81-1304 (Repl. 1960). The appellants tacitly admit the general rule that an employer whose concurring negligence contributes to his employee's injury cannot be held liable for contribution as a joint tortfeasor, the statutory remedy being exclusive. Larson, Workmen's Compensation, § 76.21 (1970). The appellants insist, however, that Larkan as an individual cannot invoke the protection of the statute, because Harris's employer was the corporation, J. Albert Erection Company.

That argument must be rejected, on the basis of our decision in *Neal* v. *Oliver,* 246 Ark. 377, 438 S.W. 2d 313 (1969). There Oliver and his wife and son were the sole owners of a family corporation operating a laundry. Oliver was the active manager of the laundry. An employee sued him for personal injuries assertedly resulting from his negligence in assigning her to work on an unsafe machine and in failing to provide a protective device required by the state safety code. After reviewing the authorities we concluded that the action was precluded by the exclusive-remedy section of the compensation law, because "Mr. and Mrs. Oliver owned the corporate business and they, as well as the corporation, were the employers."

The appellants seek to distinguish the *Neal* case on the ground that there Oliver was not present when the employee was injured, while here Larkan was supervising

and directing the construction work at the time of Harris's fatal accident. In both cases, however, the complaint was based upon negligence on the part of the individual defendant. Moreover, the basis for Oliver's freedom from liability in the earlier case was his status as an employer who had complied with the workmen's compensation law. Here Larkan stands in the same position and is therefore similarly free from liability.

*Indemnity.* The Morgan company, in the following paragraph in its cross-complaint against Larkan, asserted its claim to indemnity:

> That by reason of the active negligence on the part of John W. Larkan this defendant has or may be exposed to a liability to plaintiff not based on this defendant's own active fault, so that in the alternative this defendant should have judgment for indemnity over against John W. Larkan in the full amount of any judgment rendered against this defendant.

The foregoing paragraph fails to state a cause of action, because it alleges no separate obligation running from Larkan to Morgan. Professor Larson, after pointing out that such a distinct duty may arise either by contract or by a special relation between the parties, goes on to say that otherwise the duty does not exist:

> In summary: when the relation between the parties involves no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity, since what governs is not the delictual or contractual form of the remedy, but the question: is the claim "on account of" the injury, or on account of a separate obligation running from the employer to the third party? Larson, *supra*, § 76.44.

The rule was stated by Judge Learned Hand in *Marra Bros., Inc.* v. *Wm. Spencer & Son Corp.*, 186 F. 2d 134 (2d Cir., 1951), with the explanation that if one of the parties (here Larkan) is not liable to the workman, then

that party's liability for indemnity must arise from some other transaction between the two. Judge Hand summarized the law in these words:

> [W]e shall assume that, when the indemnitor and indemnitee are both liable to the injured person, it is the law of New Jersey that, regardless of any other relation between them, the difference in gravity of their faults may be great enough to throw the whole loss upon one. We cannot, however, agree that that result is rationally possible except upon the assumption that both parties are liable to the same person for the joint wrong. If so, when one of the two is not so liable, the right of the other to indemnity must be found in rights and liabilities arising out of some other legal transaction between the two.

Morgan relies upon our decision in *Oaklawn Jockey Club* v. *Pickens-Bond Constr. Co.*, 251 Ark. 1100, 477 S.W. 2d 477 (1972), but there, in quoting from an Illinois case, we recognized the requirement that an independent duty exist: "Plaintiff does not sue for damages 'on account of' Haviland's death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant. . . . An independent duty or obligation owed by the employer to the third party is a sufficient basis for the action."

In the case at bar the paragraph that we have quoted from Morgan's cross-complaint states no independent duty owed by Larkan to Morgan from which an obligation to indemnify might arise. Morgan, however, suggests in its brief two theories upon which its pleading may be deemed sufficient:

First, it is argued that Larkan's proper course was to file a motion to make more definite and certain rather than a demurrer or motion for summary judgment. The difficulty is that a motion to make more definite and certain, calling for a bill of particulars, is not required when the complaint fails to state a cause of action. As the court said in *People* v. *Corcillo*, 88 N.Y.S. 2d 534, 195 Misc. 198 (1949): "The defendants are not required to demand

and obtain a bill of particulars in order to determine whether or not a cause of action is alleged against them. A bill of particulars may be had to amplify a complaint, if it states a cause of action. It is not its office to supply the allegations necessary to state a cause of action. That is the office of the complaint."

Secondly, it is argued that the duty to indemnify should be implied from certain provisions in the subcontract between Morgan and J. Albert Erection Company, by which the latter agreed to provide for the safety of its employees, to comply with applicable safety codes, etc. That contract, however, was between Morgan and the subcontracting corporation; so on its face it imposed no duties on Larkan.

Morgan, to surmount that obstacle, argues that since Larkan disregards the corporate entity in claiming to have been an employer of Harris, he cannot interpose the corporate entity in disclaiming personal responsibility for the performance of the subcontract. We are unwilling to extend the reasoning of the *Neal* case, *supra,* to that extent. In *Neal* the corporate entity was not disregarded, as it is when the privilege of transacting business in corporate form has been illegally abused to the injury of a third person. *Rounds & Porter Lbr. Co.* v. *Burns,* 216 Ark. 288, 225 S.W. 2d 1 (1949). Instead, we said in *Neal* that the Olivers as well as the corporation were the employers. In the present case Morgan elected to contract with the corporation rather than with Larkan as an individual. We are not persuaded that Larkan's status as an employer under the compensation law, with respect to tort law, requires that he also be made a party to the subcontract, with respect to contract law. Certainly it cannot be said in this case, as it was in *Rounds & Porter,* that Larkan illegally abused the privilege of transacting business in corporate form.

Affirmed.

Fogleman, J., dissents.

John A. Fogleman, Justice, dissenting. I dissent, largely because of the views I expressed in *Neal* v. *Oliver,*

246 Ark. 377, 438 S.W. 2d 313. Since a statutory construction was involved in that case, I would normally abandon the position I took there. This case, however, demonstrates additional reasons why the holding in *Neal* v. *Oliver* is wrong, and points to the need for legislative definition of "third party" in Ark. Stat. Ann. § 81-1340 (Repl. 1960). In that case, the basic negligence was in the assignment of the injured worker to the use of a machine on which the employer had not installed a safety bar. The president of the corporation there was granted the privilege of piercing his own corporate veil to seek refuge from an action against him as a third party, by permitting him to call himself the employer. In this case, however, Larkan was alleged to have been in active charge of the work and actually supervising and directing the operation during which Harris suffered his fatal injuries. But the most glaring manifestation that something is wrong is that Larkan is judicially licensed to run a virtual shell game, utilizing his self-manufactured corporate veil. When both contribution and indemnity are sought in the same lawsuit, Larkan is the corporation when the victim of the game points to contribution, but is a different entity when he chooses indemnity. This result is unnecessary. The corporate entity cannot be disregarded for one advantage and claimed for an inconsistent advantage. 1 Fletcher, Cyclopedia Corporations 182, § 41.2 (1963 rev. vol.). No more gross example of inconsistency could be found than Larkan's simultaneous contentions that he and the corporation are both separate and identical entities. I would reverse the summary judgment.