Paul SMITH *v.* PARAGOULD LIGHT & WATER COMMISSION

90-91                                    793 S.W.2d 341

Supreme Court of Arkansas
Opinion delivered July 16, 1990
[Rehearing denied September 17, 1990.*]

*Huckaby, Munson, Rowlett & Tilley, P.A.,* by: *Bruce Munson* and *Elizabeth Ann Fletcher,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

ROBERT H. DUDLEY, Justice. Judith M. Bradley owned a home in Paragould. The City of Paragould, by ordinance, required all residents within 300 feet of a sewer line to connect their residences to the City's sewer system. To meet this requirement, Bradley asked her realtor, B.C. Lloyd, to arrange for the connection to be made. B.C. Lloyd contracted with Doyle Lawrence, a plumber, to connect Bradley's residence to the city sewer system. Doyle Lawrence hired appellant, Paul Smith, a backhoe operator, as an independent contractor on an hourly basis to dig a trench for the connecting pipes. After the trench was dug and the pipes laid, two employees of appellee, Paragould Light & Water Commission, entered the trench to tap the residential line into the City's main sewer line. The trench collapsed, killing one employee, Thomas Edward Faulkner. Appellee water commission paid Workers' Compensation benefits due to the death of Faulkner. Faulkner's widow filed a negligence action against appellant backhoe operator, the plumber, the realtor, and the property owner. Appellant filed a third party complaint against appellee water commission seeking indemnity from appellee for all damages that might be adjudged against appellant. Appellee filed a motion to dismiss appellant's

third party complaint for failure to state facts upon which relief could be granted, because, under Arkansas Workers' Compensation Law, the exclusive remedy against an employer is the payment of worker's compensation. The trial court granted appellee's motion, and entered an appropriate order under ARCP Rule 54(b), allowing appellant to appeal on the separate issue of appellee's liability for indemnity. We reverse the ruling of the trial court.

■ Under the exclusivity of remedies provisions of statutes such as the Arkansas Workers' Compensation Act, Ark. Code Ann. § 11-9-105, the majority of jurisdictions have held that the employer cannot be sued or joined by the third party as a joint tortfeasor, even under more recently enacted contribution statutes. This is true when the recovery sought by a third party against a contributorily negligent employer sounds in tort and the only relationship between the third party and the negligent employer is that of joint tortfeasors. 2A Larson, *The Law of Workman's Compensation*, § 76.20 (1987). We recently embraced this general rule as to joint tortfeasors in *W.M. Bashlin Co.* v. *Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982), a case involving the question of whether an employer might be liable to a manufacturer or supplier upon a joint tortfeasor theory. *Id.* at 422, 643 S.W.2d at 533.

■ However, we have also recognized several exceptions to the exclusivity of remedies provision of the Arkansas Workers' Compensation Act. In *C. & L. Rural Electric Coop. Corp.* v. *Kincaid*, 221 Ark. 450, 256 S.W.2d 337 (1953), we held that the third party complaint stated a cause of action because the suit was based on an express indemnity contract and was not an action in tort. For reversal in the present case, the appellant relies upon our decision in *Oaklawn Jockey Club* v. *Pickens-Bond Construction Co.*, 251 Ark. 1100, 477 S.W.2d 477 (1972). There we held that the third party complaint stated a cause of action despite the exclusivity provisions of the Workers' Compensation Act because it was based upon implied provisions in the construction contract between the employer contractor and the third party property owner. We held that the third party was not suing for damages "on account of" the injury of the employee but on the basis of an independent duty or obligation owed by the employer to the third party.

In *Morgan Construction Co. v. Larkan*, 254 Ark. 838, 496 S.W.2d 431 (1973), we held that, where the third party complaint asserted only that the employer's active negligence exposed the third party to liability not based on its own active fault, the complaint did not state an independent duty owed by the employer to the third party from which an obligation to indemnify might arise. In reaching this conclusion, we noted the general rule that:

> [W]hen the relation between the parties involves no contract or special relation capable of carrying with it an implied obligation to indemnity, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity, since what governs is not the delictual or contractual form of the remedy but the question: is the claim "on account of" the injury, or on account of a separate obligation running from the employer to the third party?

2A Larson, *supra* at § 76.84.

In the present case, the third party complaint alleges that:

> 6. It is the policy of Third Party Defendant, Paragould Light & Water Commission, that only Paragould Light & Water Commission employees shall make the actual tap of a residential sanitary sewer line into the municipality's main. . . .

> 7. It is the policy of Paragould Light & Water Commission that none of its employees shall enter into a trench the depth of the trench which is the subject of this Complaint without first installing side wall supports.

> . . .

> 9. Third Party Defendant, Paragould Light & Water Commission, has a duty to provide its employees with a safe place to work.

> 10. Third Party Defendant had braces and supports available for installation into trenches to protect its employees; however, it did not utilize this equipment on April 21, 1987 when connect[ing] the residence at 3208 Case Street, Paragould, Arkansas to the City's sewer system.

11. The Third Party Defendant's failure to provide said supports was a violation of its own policy, as well as Occupational Safety and Health Administration regulations on specific trenching requirements, . . . .

12. Third Party Defendant's failure to provide said supports, as well as its failure to provide its employees with a safe place to work, was the proximate cause of the death of Plaintiff's decedent, Thomas Edward Faulkner.

■ These allegations in appellant's third party complaint are sufficient to state a cause of action under our law for implied indemnity as the facts pled are sufficient to bring the parties within the provisions of Ark. Code Ann. § 14-235-305, the "Tapping of Sewers" Statute, which creates a special relationship between the appellee and the appellant by operation of law. This statute provides that a municipality "*shall* regulate, by ordinance, the terms, time, and *manner*, . . . with which the parties may tap the sewers of the municipality." (Emphasis added.) By virtue of this statute and the employer's policies, the construction necessary to connect Bradley's sewer to the City's main was under the appellee's supervision and control, just as was the construction work under the supervision and control of the contractor in *Oaklawn, supra*. In the present case, implicit in the terms of the special relationship arising by operation of law is a duty by the appellee to supervise and conduct the construction in such a way as to insure the safety of its employees and others working on the construction. That duty carries with it the implied promise that the appellee will indemnify third parties such as appellant for any damages he is made to pay as a result of the appellee's negligence.

As we stated in *Oaklawn, supra*:

The justification for applying the theory of implied indemnity is amply demonstrated by the alleged facts. Should [the employee] recover damages against [the third party], under our Workman's Compensation law, [the employer] would be reimbursed its Workman's Compensation expenditures for an injury that allegedly was caused by and occurred under the control of the [employer] . . . .

*Id.* at 1102, 477 S.W.2d at 478.

Thus, the appellant does not seek indemnity "on account of" the death of the appellee's employee, but on account of a separate obligation running from the employer to the third party. It follows that the trial court erred in dismissing appellant's third party complaint in so far as it states a cause of action for implied indemnity on the basis of a special relationship arising by operation of law.

Reversed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. The appellant relies exclusively upon *Oaklawn Jockey Club* v. *Pickens-Bond Construction Co.*, 251 Ark. 1100, 477 S.W.2d 477 (1972), for reversal. I believe Oaklawn is clearly distinguishable on its facts and on that basis I respectfully dissent.

The relevant facts of *Oaklawn* are: Theo Tyler, an employee of Pickens-Bond Construction Company, was injured on the premises of Oaklawn Jockey Club during the construction of a new building. Tyler was injured when the handle of a bull float contacted AP&L's electrical power lines. He brought suit against AP&L and Oaklawn Jockey Club alleging that Oaklawn Jockey Club failed to provide a safe place to work. Oaklawn then filed a cross-complaint against Pickens-Bond. The cross-complaint was based upon Oaklawn's contract with Pickens-Bond, the contractor on the job. Oaklawn's pleadings stated:

> 1. Oaklawn, as the owner, contracted with Pickens-Bond as the contractor, to build a new building. . .The construction was entirely under the supervision and control of Pickens-Bond.

> 2. There was implied in the contract between the owner and the contractor an obligation on the part of the contractor to perform the work in a safe manner, to provide safe working conditions for its employees. . . .

The trial court dismissed Oaklawn's cross-complaint against Pickens-Bond for implied indemnity in that Pickens-Bonds' liability was limited by the workers compensation law. On appeal, we reversed the trial court, finding that Oaklawn could maintain its cross-complaint based upon implied indemnity.

Although there was no express contract of indemnity in *Oaklawn*, we recognized an exception to the exclusivity of the workers' compensation remedy — implied indemnity — arising from the construction contract. Oaklawn Jockey Club had contracted with Pickens-Bond to construct a new building. The contract provided that the construction was entirely under the control and supervision of Pickens-Bond, the contractor.

Here, there was no contract between the appellant and Paragould Light & Water Commission. Yet in *Morgan Construction Co.* v. *Larkin*, 254 Ark. 838, 496 S.W.2d 431 (1973), we quoted Larson indicating that a distinct duty as to indemnity may arise from a contract or from a special relationship capable of carrying with it an implied obligation to indemnify. The appellant alleges that a special relationship existed by virtue of Ark. Code Ann. § 14-235-305 (1987), "Tapping of Sewers" statute. This statute provides:

> (a) The city council shall regulate, *by ordinance*, the terms, time and manner, and the compensation which shall be paid by the private parties. . .with which the parties may tap the sewers of the municipality. [My emphasis.]

In addition to this statute, Paragould Light & Water Commission maintained a policy of allowing only their employees to make the actual tap into the city sewer line. Therefore, the appellant argues that this statute and policy provision provide the basis for implied indemnity. But here the applicable statute affords no basis for an independent duty. The statute indicates that the city council shall regulate the tapping into city sewers *by ordinance*, the terms, and the time and manner of the tapping. The statute does not state that the city councils regulate, control or supervise the actual tapping of the sewers. Rather, the city council exercises its role in supervision by passing appropriate ordinances. The role of the city council is not comparable to the contractor, Pickens-Bond, in *Oaklawn*, which expressly contracted to supervise the on-site construction of the new building. The degree of supervision differs substantially. Therefore, I submit the "special relationship" element is lacking.

Even if a "special relationship" existed between the appellant and the appellee sufficient to sustain an implied duty of indemnity, one must then examine the action of the appellee, the

employer from whom indemnity is sought. In *Oaklawn*, the Jockey Club, owner of the premises on which the accident occurred, sought indemnity from the contractor, Pickens-Bond. Oaklawn Jockey Club had no involvement in the occurrence by which Theo Tyler was injured. Whereas in this case the party seeking indemnity, appellant Paul Smith, dug the trench which subsequently collapsed and killed Thomas Faulkner. Thus, unlike the facts of *Oaklawn* where Oaklawn Jockey Club was merely the passive party owner, the appellant actively participated, and negligently constructed the trench which caused the loss.

I believe the absence of a contract and, arguably, the absence of a special relationship, coupled with the appellant's active involvement in the accident distinguish the facts of this case from *Oaklawn*.