[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE MOTION TO STRIKE COUNTERCLAIMS
The plaintiffs in these consolidated actions, all fire fighters employed by the City of Waterbury, were injured while responding to a false alarm. Two of the plaintiffs died in that accident. All of the plaintiffs have received workers compensation benefits and are barred under § 31-284(a) of the Connecticut General Statutes from asserting any claims of negligence against the City of Waterbury. These plaintiffs have brought these actions against those parties they allege were responsible for activating the false alarm. They allege in their respective cases in chief that the named defendants, the owner of the building, Arett, the fire alarm company, Wells Fargo and the alarm installer, Advanced Protection were all negligent in setting off the alarm which proximately caused their injuries. These defendants, Arett, Wells Fargo and Advanced Systems have filed identical four count counterclaims against the City of Waterbury seeking indemnification and CT Page 2631 apportionment claiming that the city was responsible for this accident in that the fire engine in which the plaintiffs were riding was in a dangerous condition known to the city. The defendants allege that the brakes were defective, and that the engine in question was brought to the city's garage hours before the accident. It is further alleged that city's mechanics failed to inspect the vehicle and allowed the plaintiffs to operate it in an unsafe condition. Suffice it to say that the defendants have made allegations sufficient to establish negligence on the part of the city. The city and all of the plaintiffs have filed these motions to strike the counterclaims.
In the first three counts of the counterclaim, the defendants seek indemnification based on their claims of primary negligence on the part of the city. This case not only involves a claim between joint tortfeasors but it also involves the provisions of § 31-284(a). The defendants must allege an independent relationship or facts sufficient to establish an independent relationship between these defendants and the city to prevail in their claim for indemnification. See Ferryman v.Groton, 212 Conn. 138 (1989). Our Appellate Court has held, that even in a claim of indemnification between joint tortfeasors in addition to the allegations necessary to establish primary negligence under Kaplan v. Merberg WreckingCorporation, 152 Conn. 405, 412 A.2d 732 (1965), there must be proved an independent legal duty, Atkinson v. Berloni, 23 Conn. App. 325,580 A.2d 84 (1990). The defendants have failed to allege an independent relationship with the city in connection with their claims for indemnification.
A. Count One
In the first count of the counterclaim, the defendants allege the necessary facts to establish primary negligence, but for the necessary independent relationship with the city. As to the issue of the independent relationship, the defendants allege the city has the duty of providing its employees with safe working conditions, (Count 1 par. 33) which duty carried an implied promise to indemnify. The defendants cite Smith v.Paragould Light Water Commission, 303 Ark. 109, 793 S.W.2d 341
(1990). In that case, a municipal employee was killed in a "cave in" in a sewer connection trench. The independent excavating contractor sought indemnification from the municipality. The Arkansas court found that a state statute providing that a municipality shall regulate the manner which CT Page 2632 parties may tap sewers, carried an implied promise to indemnify.Smith v. Paragould, supra. The court, in that case, found the statute created an independent relationship sufficient to establish a claim for indemnification. In a latter case, the Arkansas court explained the holding in the Smith case, "InSmith, the provisions of the statute obligated the city employer to supervise the work and from this separate obligation could be implied the promise to indemnify others who might be held liable for its failure to properly discharge this duty." MosleyMachinery v. Gray Supply, 310 Ark. 214, 833 S.W.2d 772, 775
(1992). The defendants have merely recited the allegations made in the Smith case as to a lack of safe working conditions, an implied promise to indemnify, with no allegations of facts to establish an independent relationship. Unlike Smith, there is no statute here creating that independent relationship. The motion to strike the first count should be granted.
B. Count Two
In the second count of the counterclaim, the defendants allege that the city owes a duty to the public to see to it that the fire department would respond in a "safe manner" (Count 2 par. 35) and that the duty owed to the public in general to respond to fire calls in a safe manner carried with it an implied promise to indemnify (Count 2 par. 42). The city argues, and the court agrees, that the claim for indemnification fails to allege sufficient facts upon which to prove an independent legal relationship, as required under Atkinson v.Berloni, supra. In that case a third party signaled the defendant to take a left turn into the plaintiff's auto. The defendant Berloni sought indemnification on the theory that the third party, Clark, owed a duty to use reasonable care, the court said:
 [t]he contact between Berloni and Clark was random and unanticipated. By signaling Berloni to pass in front of her, Clark did not assume a special duty toward Berloni, other than the general duty of a motorist to use reasonable care. To allow a claim for indemnity between joint tort-feasors on the basis of such a duty would be to allow the exception to swallow the rule [that there is no right of indemnification between joint tort-feasors].
Id. at 330. CT Page 2633
The city's duty to exercise reasonable care does not provide a basis for an independent relationship supporting a claim for indemnification. We deal in this case with a claim between joint tort-feasors where one of them is the employer of the plaintiffs. That fact scenario was dealt with in Ferrymanv. Groton, 212 Conn. 143 and our Supreme Court has held there must be facts alleged to establish an independent relationship to obviate the operation of the exclusive remedy doctrine. The plaintiff in Ferryman made allegations of either a co-owner relationship, a bailor-bailee relationship or a lessor-lessee relationship, all of which could establish an express or implied independent, legal duty. The defendants here, have not made any direct claim of an independent relationship, nor have they alleged facts necessary to establish this required relationship. The motion to strike the second count is granted.
C. Count Three
The defendants allege in the third count of the counterclaim that the city's action in putting a defective fire truck in service created a nuisance. They further claim that under their reissuance theory they are not required to allege an independent relationship as required under Atkinson v. Berloni,
supra, 23 Conn. App. 325 to recover for indemnification. The defendants cite Barberi v. Meriden Superior Court, judicial district of Meriden, docket no. 243282 (December 15, 1993, Blue, J.) in support of this proposition. In that case the plaintiffs sued the city claiming damages when a sewer line ruptured causing sewage to back up into their home. The city filed a third party action against The Southern New England Telephone Company "SNET" claiming the sewer line broke because SNET installed a telephone pole on top of the sewer line. The court in Barberi held that the claim for indemnification was proper since the alleged wrong of SNET caused injury directly to the city's property as well as to the plaintiff's property and that SNET was a wrongdoer to both parties. Even assuming this superior court decision correctly states another exception to the general rule that ordinarily there is no right of indemnity between joint tortfeasors, and that it should be followed here, the facts here are distinguished. In this case, the defendants have not alleged that the nuisance created by the city caused actual damage to them. In any event, this court finds that under the facts alleged in this third count that the defendants must allege an independent duty in order to obtain the CT Page 2634 indemnification they seek. Ferryman v. Groton, 212 Conn. 143. The defendants have not alleged such an independent relationship and therefore the motion to strike this count should be granted.
D. Count Four
In the defendants' fourth count of its counterclaim it alleges (par. 42) willful, reckless and or serious misconduct on the part of the city and seeks "apportionment" of damages with the city. This claim must fail for two reasons. A counterclaim must seek affirmative relief. This count does not seek any affirmative relief but merely apportionment (par. 2 prayer for relief) and therefore it fails procedurally. Apportionment under § 52-572h applies only to claims in negligence and this count sounds in an intentional tort.
"A counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v. Glen Valley Associates,Inc., 199 Conn. 158, 160, 459 A.2d 525 (1983); Home Oil Co. v.Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985) (counterclaim is a cause of action against the plaintiff in favor of the defendant that allows recovery by the defendant). As the plaintiffs and the city argue, a counterclaim is not the proper procedural mechanism to seek apportionment, because a claim for apportionment does not seek affirmative relief. "A claim for apportionment of damages does not constitute a `cause of action,' and the defendant could not have brought a separate action to secure [a claim of apportionment]." Torres v. Mejias,7 CSCR 106 (July 20, 1992, Wagner, J.). See also Miller v.Dickenson, 3 Conn. L. Rptr. 308, 309 (March 7, 1991, Schmelman, J.) (counterclaim seeking apportionment stricken as legally insufficient because it failed to seek affirmative relief as required by Practice Book § 116) cf. Watson v. Boykin,7 Conn. L. Rptr. 261 (August 24, 1992, Burns, J); Agoli v. Hall, Superior Court, judicial district of Waterbury, docket no. 116463 (July 13, 1994, Pellegrino, J.).
The defendants' claim for apportionment also fails on another ground. In this count the defendants allege that the city acted willfully and recklessly, an intentional tort. The comparative negligence statute § 52-572h only applies to claims of negligence. "In a negligence action to recover damages . . . . if damages are determined to be proximately caused by the CT Page 2635 negligence of more than one party each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages. (emphasis added) § 52-572h(c). Our supreme court in Durniak v. August Winter Sons,Inc., 222 Conn. 775, 782, 610 A.2d 1277 (1994) held that" [by] its own terms, the comparative negligence statute applies only to `causes of action based on negligence'. See also Belanger v.Village Pub I. Inc., 26 Conn. App. 509, 513 (1992); Ashe v.Konover, 12 Conn. L. Rptr. 13, 14 (June 22, 1994, Sullivan, J.) (no apportionment between negligent and intentional tortfeasors); Gellebeck v. Laz Parking Ltd., Superior Court, judicial district of Hartford/New Britain at Hartford docket no. 399848 (January 31, 1994 Aurigemma, J.); Storti v. Crystal MallAssoc. Ltd. Partners, 8 CSCR 922 (August 10, 1993, Teller, J.);Defusco v. Schweitzer, 8 CSCR 1078, 1081 (September 14, 1993, Hennessey, J.). The defendants' fourth count is legally insufficient and therefore the court will grant the motion to strike relative thereto.
For all of the reasons stated above, the court will grant the city of Waterbury's and the plaintiff's motion to strike the counterclaims in all of the above matters.
PELLEGRINO, J.