[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant on the counterclaim, the City of Waterbury, (City) has filed this Motion to Strike the counterclaim of Wells Fargo dated March 30 1995. The City has also objected to the Defendants Wells Fargo's Motion to Cite in the City, for the purpose of apportionment (Motion dated) as a party defendant. This court has previously granted the City's motion to strike a similar counterclaim and claim for apportionment. See Memorandaof decision, dated March 17, 1995.
Wells Fargo's revised one count counterclaim dated March 30, 1995 seeking indemnification is the same as count one of the November 10, 1994 counterclaim. Count 4 of the November 10, 1994 counterclaim was a count for apportionment. Wells Fargo's motion to cite in the City incorporates by reference count four of the November 10, 1994 counterclaim, and seeks to make the City a defendant for apportionment in the original action.
 A. Motion to Strike (counterclaim dated March 30, 1995)
This new single count counterclaim (March 30, 1995) is the same as first count of the previous counterclaim dated November 10, 1994. That count and the new counterclaim seek indemnification on a theory similar to the one advanced in Smith v.Paragult Light Water Commission, 300 Ark. 109, 793 S.W.2d 341
(1990). It is Wells Fargo's argument that this court granted the previous Motion to Strike the first count because the court did not find a statute similar to the one existing in CT Page 8982 the Smith case, and consequently, found no independent relationship. Wells Fargo has misinterpreted the court's decision of March 17, 1995. The court said there was no statute at issue in this case that created an independent relationship. Connecticut General Statutes § 7-148 (c)(4)(B), unlike the statute in theSmith case, does not create an independent relationship. Section 148(c)(4)(B) empowers municipalities to provide fire protection. The court is unpersuaded that this enabling legislation imposes a duty upon a municipality to maintain its fire apparatus for the benefit of third parties such as Wells Fargo. The Arkansas court found an independent relationship because its statute required the city to supervise the work of the contractor. There is no such statute in the instant matter which creates an independent relationship, and the argument that § 7-148 (c)(4)(B) creates that relationship in this case is untenable. The City's Motion to Strike the Counterclaim dated March 17, 1995 is granted.
B. Motion to Cite In City of Waterbury
In the previously stricken counterclaim Wells Fargo in its fourth count made allegations of intentional tort against the City and sought in that count no affirmative relief except apportionment. In the instant motion, Wells Fargo seeks to add the City as a party defendant for the purposes of apportionment, in the main action by incorporating the allegations of count four of the stricken counterclaim (dated 11/30/94). Wells Fargo argues that the only basis upon which the court struck the fourth count of the counterclaim was that a counterclaim must seek affirmative relief. Counsel has overlooked the other ground upon which the claim for apportionment failed that the court mentioned on page 9 and 10 of its decision. The comparative negligence statute § 52-572(h) only applies to claims of negligence. The allegations of count four which Wells Fargo seeks to incorporate by reference in the instant motion sounds in intentional tort. There is no apportionment in intentional torts under § 52-572(h). For this reason and the reasons stated in the court's memorandum of decision dated March 17, 1995, on pages 9 10, the court will deny the motion of Wells Fargo to cite in the City of Waterbury. CT Page 8983
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 8985