2011 Ark. 32

INTENTS, INC., Appellant

v.

SOUTHWESTERN ELECTRIC POWER COMPANY, Appellee.

No. 10–589.

Supreme Court of Arkansas.

Feb. 3, 2011.

Daily & Woods, P.L.L.C., Fort Smith, by: Douglas M. Carson, for appellant.

Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A., Rogers, by: David R. Matthews and C. Eric Vester, for appellant.

JIM GUNTER, Justice.

Appellant, Intents, Inc., appeals the grant of summary judgment in favor of appellee, Southwestern Electric Power Company (SWEPCO). On appeal, appellant asserts that the circuit court erred in granting summary judgment because (1) appellant was immune from liability pursuant to the exclusive-remedy provision of the Workers' Compensation Act; and (2) appellee did not sustain any property damage or personal injury, therefore it was not entitled to recover attorney's fees under Ark.Code Ann. § 11–5–305 (Repl.2002). Appellant also argues that the circuit court erred in awarding attorney's fees incurred by appellee in bringing the indemnity action. We affirm on all points.

On November 13, 2008, appellee filed a complaint against appellant in the Washington County Circuit Court. In the complaint, appellee explained that on October 14, 2004, several of appellant's employees were injured, some fatally, while they were moving a tent at the Chile Pepper Festival held at the University of Arkansas Agricultural Park. The employees were moving a fully assembled tent, approximately twenty feet in height, and lifted the tent into an energized overhead electrical line owned and operated by appellee. Pursuant to Ark.Code Ann. § 11–5–307 (Repl. 2002), part of the Work Near High Voltage Lines Act, appellant was required to notify appellee in writing that a function, activity, work, or operation was to occur within ten feet of its energized overhead electrical line so safety arrangements could be made. Appellant failed to notify appellee as required. One of the injured employees filed suit against appellee, attempting to hold it liable for damages, but that suit was voluntarily dismissed. The estates of two employees that were killed also filed suit for damages against appellee, but a judgment was entered in appellee's favor. Appellee asserted that, pursuant to Ark. Code Ann. § 11–5–305, appellant was liable for the attorney's fees incurred in defending these lawsuits, which totalled $78,283.76.

Appellant filed an answer on December 8, 2008, asserting that appellee was not entitled to indemnification and asking that the complaint be dismissed. Appellant also pled a number of affirmative defenses, including the exclusive-remedy provision of the Arkansas Workers' Compensation Act. On August 24, 2009, appellant filed a motion for summary judgment, asserting that, under Ark.Code Ann. § 11–9–105(a) (Repl.2002), the exclusive remedy against appellant for the work-related injuries and deaths that occurred was workers' compensation benefits; therefore, appellee's claim was barred as a matter of law. Appellee responded and argued that appellant was not entitled to summary judgment because the indemnification action provided for by Ark.Code Ann. § 11–5–305 was a recognized exception to the exclusive-remedy provision of the Arkansas Workers' Compensation Act. On October 21, 2009, appellee filed its own motion for summary judgment, arguing that it was entitled to indemnification pursuant to Ark.Code Ann. § 11–5–305, notwithstanding the exclusive-remedy provision of the Arkansas Workers' Compensation Act. Appellant responded and again argued that appellee's claim was barred as a matter of law.

A hearing on the cross-motions for summary judgment was held on February 16,

2010. After hearing arguments from counsel, the court ruled that the exclusive-remedy provision did not bar appellee's action for indemnification. In making its ruling, the court relied on *Smith v. Paragould Light & Water Commission*, 303 Ark. 109, 793 S.W.2d 341 (1990), in which a cause of action for implied indemnity was allowed on the basis of a special relationship arising by operation of law, specifically the "tapping of sewers" statute. The court held that, in the present case, there was not an implied indemnity but an indemnity "on its face" contained in Ark. Code Ann. § 11–5–305. The court also held that there had clearly been a violation of the statute and that the owner in this case had incurred monetary damages in defending personal-injury claims by the employees. Therefore, the court granted summary judgment to appellee.

In its March 15, 2010, order, the court found it was undisputed that appellant had violated Ark.Code Ann. § 11–5–307 and – 308 by failing to notify appellee of work that would occur within ten feet of the energized overhead electric lines; that those violations caused personal injuries to certain employees; and that appellant paid workers' compensation benefits on behalf of those employees. The court found as a matter of law that "the right of recovery for damages granted to an owner or operator of an electrical line or conductor under Ark.Code Ann. § 11–5–305 has priority over the 'exclusive remedy' provisions of Ark.Code Ann. § 11–9–105." The court held that appellee was entitled to indemnification in the amount of $78,283.76, attorney's fees in the amount of $10,448.00, and costs in the amount of $149.79. Appellant filed a notice of appeal from this order on April 14, 2010.

This case presents an issue of statutory interpretation within the context of a grant of summary judgment. This court has repeatedly held that summary judgment, although no longer viewed as a drastic remedy, is to be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Monday v. Canal Ins. Co.*, 348 Ark. 435, 73 S.W.3d 594 (2002). In this case, the parties filed cross-motions for summary judgment and did not dispute the facts. As such, the case was decided purely as a matter of statutory interpretation.

We review issues of statutory interpretation de novo, as it is for this court to decide what a statute means. *Fewell v. Pickens*, 346 Ark. 246, 57 S.W.3d 144 (2001). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Harris v. City of Little Rock*, 344 Ark. 95, 40 S.W.3d 214 (2001). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Raley v. Wagner*, 346 Ark. 234, 57 S.W.3d 683 (2001). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Stephens v. Ark. Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000). When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Id.* The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999).

On appeal, appellant first asserts that the circuit court erred in granting summary judgment in favor of appellee

because appellant was immune from liability pursuant to the exclusive-remedy provision of the Workers' Compensation Act. Generally, an employer who has secured for its employees the benefits of workers' compensation is immune from liability for damages in a tort action brought by an injured employee, his legal representative, dependents, and next of kin. *Gourley v. Crossett Pub. Schs.*, 333 Ark. 178, 968 S.W.2d 56 (1998). This rule, known as the exclusivity doctrine, arises from Ark.Code Ann. § 11–9–105(a) (Repl.2002), which provides that

> [t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else entitled to recover damages from the employer.... No role, capacity, or persona of any employer ... other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter.

This court has also held that, in matters involving workers' compensation benefits, the employer shall be immune from third-party tortfeasor's claims. *W.M. Bashlin Co. v. Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982). In addition, in *Mosley Machinery Co., Inc. v. Gray Supply Co.*, 310 Ark. 214, 219, 833 S.W.2d 772, 775 (1992), we reiterated the general rule that "when the relation between the parties involves no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity." (quoting *Jack Morgan Constr. Co. v. Larkan*, 254 Ark. 838, 841, 496 S.W.2d 431, 433 (1973)).

In this case, it was undisputed that appellant violated Ark.Code Ann. § 11–5–307 and –308 by failing to notify appellee that work would occur within ten feet of its energized overhead electric lines and that those violations proximately caused personal injuries to appellant's employees. Appellee's claim for indemnity was derived from Ark.Code Ann. § 11–5–305(a) (Repl. 2002), which provides:

> Every person, firm, corporation, or association who violates any of the provisions of this subchapter shall be fined not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000); and in addition thereof, if the violation results in physical or electrical contact with any energized overhead electrical line or conductor, and the violation is a proximate cause of any damage or injury to person or property, then the person, firm, corporation, or association violating the provisions of this subchapter shall be liable to the owner or operator of the electrical line or conductor for all damage to the facilities and for all loss, cost, and damages, including attorney's fees, incurred by way of property damage or personal injury by the owner or operator as a result of any such accidental contact.

On appeal, appellant argues that, contrary to the circuit court's decision, this provision does not override the exclusive-remedy provision of the Arkansas Workers' Compensation Act.

First, appellant argues that the clear language of § 11–9–105(a) limits the rights of not just employees but "anyone else entitled to recover damages from the employer." Appellant also argues that the provisions of § 11–5–305(a) do not distinguish between those whose claims or liabilities are covered by workers' compensation and those whose claims are not, and that the statute does not expressly override the

exclusive-remedy provisions of § 11–9–105(a). Appellant also cites to what it calls the "dual persona" provision of § 11–9–105(a), which basically provides that the employer cannot be considered in any role other than the employer, and asserts that this invalidates appellee's characterization of appellant as "someone who had to give SWEPCO notice."

To support its argument, appellant cites to *Bashlin, supra,* in which this court held that the Workers' Compensation Act took priority over the Uniform Contribution Among Tortfeasors Act and affirmed a summary judgment granted to an employer when a manufacturer cross-claimed against that employer in a products-liability suit. This court found that, although the cross-complaint alleged that the relationship between the employer and the manufacturer was such that the employer had a duty to indemnify the manufacturer, the specific allegations in the cross-complaint sounded in tort and were generally the same as those made by the employee against the manufacturer. We distinguished the case from those where there was an express indemnity agreement between the employer and the third party. Appellant also cites *Helms v. Southern Farm Bureau Casualty Insurance Co.,* 281 Ark. 450, 664 S.W.2d 870 (1984), in which this court held that teachers and representatives of teachers' estates were not entitled to proceeds of a school district's insurance policy, which provided in its terms that it did not apply to bodily injury to any employee of the insured. In *Helms,* this court reiterated that, "except in certain cases, workers' compensation is the exclusive remedy between an employer and an employee.... [O]ther statutes must yield to the Workers' Compensation Act because it is in the interest of public policy to give that act priority as an exclusive remedy." *Id.* at 453, 664 S.W.2d at 871–72 (citing *Bashlin, supra* ).

Appellant also discusses several cases that have recognized exceptions to the exclusive-remedy doctrine and insists that none of those exceptions apply in the present case. For example, in *C & L Rural Electric Cooperative Corp. v. Kincaid,* 221 Ark. 450, 256 S.W.2d 337 (1953), this court held that an action by a third party against an employer was not precluded by the exclusive-remedy doctrine, after the third party was found liable to an employee, due to an express indemnity contract between the third party and the employer. Also, in *Oaklawn Jockey Club, Inc. v. Pickens-Bond Construction Co.,* 251 Ark. 1100, 477 S.W.2d 477 (1972), this court found that an employer was not immune from liability because there was an implied provision for indemnity in the contract between the employer and the contractor. In the present case, appellant asserts, there was no contract between the parties, so no indemnity provision, express or implied, can be found.

Appellant also attempts to distinguish *Smith v. Paragould Light & Water Commission, supra,* which the circuit court relied on in making its decision. As explained previously, in *Paragould,* a cause of action for implied indemnity was allowed on the basis of a special relationship arising by operation of law, specifically the "tapping of sewers" statute. The appellant, Paul Smith, a backhoe operator, was hired as an independent contractor to dig a trench for connecting pipes from a residence to the city's sewer system. After the trench was dug, two of the appellee's employees entered the trench to tap the residential line into the city's main sewer line. The trench collapsed, and one employee, Thomas Faulkner, was killed. The appellee paid workers' compensation benefits to Faulkner's widow, and she also filed a negligence action against several parties, including the appellant. The appellant, in

turn, filed a third-party complaint against appellee seeking indemnity for all damages that might be adjudged against him. The trial court dismissed the third-party complaint, but this court reversed. Citing *Oaklawn, supra,* we explained that an implied provision to indemnify can be found where a third party was not suing for damages "on account of" the injury of the employee, but on the basis of an independent duty or obligation owed by the employer to the third party. We stated:

> [The] allegations in appellant's third party complaint are sufficient to state a cause of action under our law for implied indemnity as the facts pled are sufficient to bring the parties within the provisions of Ark.Code Ann. § 14–235–305, the "Tapping of Sewers" Statute, which creates a special relationship between the appellee and the appellant by operation of law. This statute provides that a municipality "*shall* regulate, by ordinance, the terms, time, and *manner,* . . . with which the parties may tap the sewers of the municipality." (Emphasis added.) By virtue of this statute and the employer's policies, the construction necessary to connect Bradley's sewer to the City's main was under the appellee's supervision and control, just as was the construction work under the supervision and control of the contractor in *Oaklawn, supra.* In the present case, implicit in the terms of the special relationship arising by operation of law is a duty by the appellee to supervise and conduct the construction in such a way as to insure the safety of its employees and others working on the construction. That duty carries with it the implied promise that the appellee will indemnify third parties such as appellant for any damages he is made to pay as a result of the appellee's negligence.

303 Ark. at 113, 793 S.W.2d at 343.

Appellant asserts that there is a clear distinction between *Paragould* and the present case, however, because the statute in *Paragould* required the employer to control and supervise the manner of the work being done by the third-party contractor. In contrast, appellant, argues, the Work Near High Voltage Lines Act does not create any such relationship or responsibility between appellant and appellee. Appellant also argues that *Paragould* should not be relied upon because it was decided before the workers' compensation statute was amended to include the "dual persona" language in the exclusive-remedy provision.

Finally, appellant cites *Elk Corp. of Arkansas v. Builders Transport, Inc.,* 862 F.2d 663 (8th Cir.1988), for the proposition that there are only two situations in which indemnity can arise by operation of law: (1) when a faultless principal is subjected to liability by reason of the faulty conduct of his agent, the principal may sue his agent for indemnity; (2) when the supplier of a product is liable in warranty or strict liability for a defect that existed in the product at the time it left the manufacturer's hands, indemnity is permitted against the manufacturer. Neither of these situations applies to the present case, appellant argues; therefore, no cause of action against appellant for indemnity arises by operation of law.

In response, appellee devotes a large amount of its argument to a discussion of those cases cited above that have or have not allowed an exception to the exclusive-remedy provision of the workers' compensation statute. Appellee also discusses five other states that have resolved a similar statutory conflict between indemnity and exclusivity under workers' compensation in favor of allowing the indemnity action. However, because the circuit court made clear that its decision was based on

the reasoning in *Paragould, supra,* we will focus on appellee's discussion of that case.

Appellee argues that, similar to the facts of *Paragould,* the language of the Work Near High Voltage Lines Act clearly creates a special relationship between appellant and appellee by operation of law. Specifically, appellee asserts that the claim in this case is "based upon an indemnity statute that is triggered if an employer such as appellant fails to follow safety procedures designed to protect those working in the vicinity of energized overhead electrical lines." Arkansas Code Annotated sections 11–5–307 and –308 require employers to give notice to the owner of the energized overhead electrical line if work will be carried out within ten feet of the electrical line and to prohibit employees from performing work within ten feet of an energized overhead electrical line unless safety precautions have been taken according to the statute. It is undisputed that these statutory requirements were not followed by appellant, which in turn triggered the indemnity provision in § 11–5–305. This interpretation, argues appellee, effectuates the legislative intent of the Work Near High Voltage Lines Act, which is to "provide for the protection of persons engaged in work of any nature in the vicinity of energized overhead electrical lines, . . . to provide penalties, and to provide remedies for those affected by violations of this subchapter." Ark.Code Ann. § 11–5–301(b)(1). Appellee contends that to hold otherwise would remove any incentive for employers to comply with the safety statutes and render the indemnity statute meaningless.

We agree that the present case is analogous to *Paragould.* In both cases, an employer had a statutorily-created duty, and the employer failed to carry out this duty. As a result, employees were harmed and a third party incurred damages as a result. Thus, due to the "special relationship" created by the statutory duty to notify, the third party, appellee, was entitled to indemnification from the employer, appellant, pursuant to § 11–5–305. To hold otherwise would, in the words of the circuit court, "eviscerate the statute" and fail to give effect to the intent of the General Assembly in enacting the Work Near High Voltage Lines Act. In addition, regarding appellant's argument that appellee's claim violated the "dual persona" provision of the exclusive-remedy provision, we disagree that appellee was attempting to cast appellant in any role other than the employer. On the contrary, and to use appellant's own words, appellant was not just "someone who had to give SWEPCO notice," it was an employer who had to give appellee notice but failed to do so. Therefore, we find that the circuit court's interpretation of the statute was not in error and affirm.

■ Appellant also asserts that summary judgment in favor of appellee was in error because appellee did not sustain any property damage or personal injury and was therefore not entitled to recover attorney's fees under § 11–5–305. As explained previously, appellee sought relief under § 11–5–305(a), which allows for indemnity for "all loss, cost, and damages, including attorney's fees, incurred by way of property damage or personal injury by the owner or operator as a result of any such accidental conduct." In this case, appellant argues, appellee sought recovery of attorney's fees that it paid defending claims asserted by appellant's employees, who had suffered injury, but appellee itself did not sustain any property damage or personal injury as a result of accidental contact with the electrical line. Because appellee suffered no such damage, appellant argues, attorney's fees cannot be

recovered under § 11–5–305. Appellant acknowledges that this is but one interpretation of the statute, but contends that because § 11–5–305 is a penal statute it must be strictly construed in favor of "those upon whom a penalty may be imposed." *Roberts v. Smith Furniture & Appliance Co.*, 263 Ark. 869, 874, 567 S.W.2d 947, 949 (1978).

In response, appellee argues that to interpret the statute as appellant suggests would contradict legislative intent and produce an absurd result. Under appellant's interpretation, appellee would only be entitled to indemnity if appellee itself, or presumably its employees, incurred personal damages. But a review of the statutory section in question clearly indicates that it is designed primarily to prevent personal injury to workers not employed by the power company. Appellee also disagrees that § 11–5–305 is strictly penal in nature; it argues that the portion of the statute relied upon by appellee is a right to indemnification and not penal. Appellee also notes that a penal statute must not be construed so strictly as to reach absurd consequences that are clearly contrary to legislative intent. *Thomas v. State*, 315 Ark. 79, 864 S.W.2d 835 (1993).

As noted previously, the purpose of the Work Near High Voltage Lines Act is

> to provide for the protection of persons engaged in work of any nature in the vicinity of energized overhead electrical lines, to define the conditions under which work may be carried on safely, the procedures and means by which these conditions may be created, to provide penalties, and to provide remedies to those affected by violations of this subchapter.

Ark. Code Ann. § 11–5–301(b)(1). We agree with appellee that interpreting the statute as appellant suggests, and limiting recovery under § 11–5–305 to only those situations in which the owner of the electrical line sustains property damage and personal injury, would lead to an absurd result and be contrary to the legislative intent in enacting the statutes. Therefore, we affirm on this point.

For its final point on appeal, appellant argues that the circuit court erred in awarding attorney's fees for the present indemnity action because the statute does not provide for an award of fees in an indemnity claim. The statute only provides for attorney's fees "incurred by way of property damage or personal injury by the owner or operator." This court has made clear that attorney's fees are not allowed except when expressly provided for by statute. *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006). A decision to grant or deny a motion for attorney's fees will not be set aside absent an abuse of discretion by the circuit court. *Id.*

In response, appellee argues that the statute expressly provides that appellant is liable for "*all* loss, cost, and damages, including attorney's fees, incurred by way of property damage or personal injury by the owner or operator." (Emphasis added.) Appellee asserts that "all" encompasses attorney's fees for the indemnity action filed because those fees were incurred in connection with the personal-injury action and flowed from the result of the personal injury action.

In its ruling, the circuit court stated:

> These attorney fees have been incurred by way of the personal injury in that they brought this suit to get their attorney fees in defending the other suit. So it appears to me that this is still by way of the personal injury, that's what created the situation. And by putting attorney fees in this statute, it is provided

for. I think a fair reading is that they are allowed to get their attorney fees.

We find that this is a valid interpretation of the statute and, therefore, that there was no abuse of discretion on the part of the circuit court in awarding attorney's fees.

Affirmed.